VIRGINIA ANNE LUKE AND WILLARD RALPH LUKE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Luke v. Commissioner
Docket No. 25743-92
United States Tax Court
T.C. Memo 1993-409; 1993 Tax Ct. Memo LEXIS 420; 66 T.C.M. (CCH) 615; September 7, 1993, Filed *420 Decision will be entered for respondent. Willard Ralph Luke, pro se. For respondent: Ruth M. Spadaro. GUSSIS
GUSSIS
MEMORANDUM OPINION GUSSIS, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. All section references are to the Internal Revenue Code in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure. Respondent determined a deficiency in petitioners' Federal income tax for the year 1989 in the amount of $ 2,887. The issue is whether a distribution in 1989 from a qualified plan is includable in gross income in the year of distribution. Some of the facts were stipulated and are so found. Petitioners were residents of Dallas, Pennsylvania, at the time the petition herein was filed. Petitioner Willard Luke was employed as a manager by Servicemaster Company Limited until June 30, 1989. While so employed, petitioner was a participant in a qualified plan within the meaning of section 401. In July 1989, after petitioner left the employ of Servicemaster Company Limited, the company made a distribution of the entire amount in petitioner's qualified plan. *421 Petitioner was 50 years of age at the time of the distribution in July 1989. Respondent determined that $ 19,226 of the total distribution was includable in petitioner's taxable income in 1989. In general, a distribution from a qualified plan is includable in the taxpayer's gross income in the year of receipt. Sec. 402(a)(1). If a taxpayer rolls over all or a portion of such distribution to an "eligible retirement plan", such as an individual retirement plan, the distribution is not taxable to the extent it is rolled over. Sec. 402(a)(5)(A). For the rollover provision to apply, however, the transfer must be made within 60 days of the date on which the taxpayer received the distribution. Sec. 402(a)(5)(C); see Tassinari v. Commissioner, T.C. Memo. 1984-445, affd. without published opinion, 774 F.2d 1148 (1st Cir. 1985). Neither the Code nor the regulations provide relief from taxation where amounts are distributed from a qualified plan but not timely rolled over. Wood v. Commissioner, 93 T.C. 114, 119 (1989). Petitioner did not roll over any portion of the distribution to another qualified *422 plan or retirement account as defined by the Code. See sec. 402(a)(5)(E)(iv). Instead, petitioner admittedly used part of the distribution to upgrade certain energy equipment in his residence and he applied $ 18,000 of his qualified plan distribution toward the mortgage principal on his residence. Petitioner argues that placing the distribution funds into his property was the "best investment" and that it was somehow akin to rolling the funds over into his own private individual retirement plan. Petitioner misconstrues the statute. The individual retirement plans which qualify as eligible plans for roll-over purposes are explicitly defined in section 408. Petitioner's disposition of the distribution he received in 1989 clearly does not fall within any of the statutory definitions. Petitioner's arguments are without merit. On this record, we sustain respondent on this issue. Decision will be entered for respondent.